UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELVIN GENAO,

        Plaintiff,

-against-

NEW YORK COUNTY, FAMILY COURT;
CYNTHIA GUANILO,

        Defendants.

1:19-CV-5289 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction. He sues the New York Family Court, New York County, as well as Cynthia Guanilo, the mother of his child.[1] Plaintiff seeks "emergency relief appropriate to the damages that occurred in each claim." (ECF 1, p. 5.) By order dated October 16, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reason discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff has attached to his complaint a copy of an excerpt of a petition for custody that he filed in the New York Family Court, New York County. (ECF 1, p. 7.) It refers to his minor child's full name. Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, any references to a minor child's name in a Court submission must be made by referring only to the child's initials. In light of Plaintiff's *pro se* status, the Court has directed the Clerk of Court to restrict electronic access to the complaint to a "case participant-only" basis.

dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff seems to seek the criminal prosecution of the New York Family Court, New York County, and Cynthia Guanilo. He also seems to assert that they violated his federal constitutional rights. He attaches to his complaint a copy of an excerpt of a petition for custody that he filed in the New York Family Court, New York County. He also makes the following allegations:

> Every referee appointed to over see my petition since the first one for paternity has been malicious persecuting my petition to the point it has become a federal matter, with federal litigation happening right now for almost 3 claims one of them for Manhattans district attorneys office an my sons mother an another for new york county family court. The situation has gotten so out of hand in the local/state/federal after domestic violence incident that occured and was appealed. i was notified after the order of protection was violated 2 months after the case was closed! i had no choice but to file federal lawsuits and a federal complaints were filed against The Southern district and The Court of appeals and emergency forward this complaint to Albany for a higher jurisdiction to over see the cases involved and another federal lawsuit against the NY federal bureau of investigation forwarded to Albany for a Bivens actions against the parties that are involved directly and indirectly,. and I am in need of emergency assistance filling out these legal documents pro se , which was not accepted for no specific reasons on their letter (please attachments) mailed to me. So i either pay the fee which is $505 , or re submit the same documents again, which is just wasting too much time.

(ECF 2, p. 5.)

## DISCUSSION

**A.**     **Private prosecution**

The Court must deny Plaintiff's request to have the defendants criminally prosecuted. A private citizen cannot prosecute a criminal action in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court denies Plaintiff's request to have the defendants criminally prosecuted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.**     **Domestic relations exception**

The domestic relations exception to federal jurisdiction bars this Court from considering any claims in which Plaintiff seeks to nullify any state-court ruling deciding who should have custody of his son. In *Ankenbrandt v. Richards*, the United States Supreme Court reaffirmed the continued validity of the domestic relations exception, stating that this exception divests federal courts of jurisdiction "to issue divorce, alimony and child custody decrees." 504 U.S. 689, 703 (1992); *see also Am. Airlines v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (federal courts generally decline jurisdiction when they are "asked to grant a divorce or annulment, determine support payments, or award custody of a child") (internal quotation marks and citation omitted).

While this exception arose from an interpretation of the federal diversity statute, courts "routinely apply the exception to cases brought under the federal courts' federal question jurisdiction." *Fernandez v. Turetsky*, No. 12-CV-4092, 2014 WL 5823116, at *2 (E.D.N.Y. Nov. 7, 2014), *aff'd on other grounds*, 645 F. App'x 103 (2d Cir. 2016) (summary order); *see also*

*Mitchell-Angel v. Cronin*, 101 F.3d 108 (2d Cir. 1996) (unpublished decision) ("District courts in this Circuit have held that the exception includes civil rights actions directed at challenging the results of domestic relations proceedings."); *Block*, 905 F.2d at 14 ("A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts.").

Plaintiff asserts federal claims challenging a state court's decisions about whether he should have custody of his son. Such claims fall squarely within the domestic relations exception. The Court therefore dismisses these claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**C.     The Eleventh Amendment**

The Court construes Plaintiff's remaining claims against the New York Family Court, New York County, as brought under 42 U.S.C. § 1983. But these claims are barred by the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

4

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Moreover, "the New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." *Gollomp*, 568 F.3d at 368 (citation omitted); *see Murray v. Thompson*, No. 17-CV-7004, 2018 WL 5113955, at *4 (S.D.N.Y. Oct. 19, 2018) (a New York Family Court is an arm of the State of New York and is entitled to Eleventh Amendment immunity).

Plaintiff sues the New York Family Court, New York County – a New York State court. The Court therefore dismisses Plaintiff's § 1983 claims against the Family Court under the doctrine of Eleventh Amendment immunity and because those claims are frivolous.[2] *See* § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**D.     Remaining claims against Guanilo**

Because Plaintiff asserts that the defendants violated his constitutional rights, the Court construes Plaintiff's complaint as also asserting claims under 42 U.S.C. § 1983 against Guanilo. But the Court must dismiss those claims. Claims for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." Private parties are therefore not generally liable under the statute. *Sykes v.*

---

[2] *See also Zuckerman v. Appellate Div., Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (holding that a state court is not a "person" for the purpose of § 1983 liability); *see generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for the purpose of § 1983 liability).

*Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citation omitted).

Guanilo is a private party, and Plaintiff has alleged no facts suggesting that Guanilo was acting under color of state law when she allegedly violated Plaintiff's federal constitutional rights. The Court therefore dismisses Plaintiff's § 1983 claims against Guanilo for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**E.     Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**F.     Plaintiff's litigation history**

The Court notes that after Plaintiff filed the complaint commencing this action, the Court, in another action brought by Plaintiff, barred Plaintiff from filing any new civil action in this Court *in forma pauperis* without first obtaining permission of the Court. *See Genao v. Saint Pauls Church*, 1:19-CV-2704, 6 (S.D.N.Y. June 5, 2019). The Court reminds Plaintiff that that filing bar remains in effect.

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action. The Court dismisses, under the domestic relations exception to this Court's subject matter jurisdiction, Plaintiff's claims in which Plaintiff

6

seeks to nullify any state-court ruling deciding who should have custody of Plaintiff's son. Fed. R. Civ. P. 12(h)(3). The Court dismisses the remainder of Plaintiff's claims as frivolous, for failure to state a claim on which relief may be granted, and for seeking monetary relief from a defendant that is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 25, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge